E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON (Cal. Bar No. 257094)
Assistant United States Attorney
    Ronald Reagan Federal Bldg & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3536
    E-mail:    ben.barron@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 22-0040-JVS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION BRIEF FOR DEFENDANT CONNOR MCCULLOUGH |
| v. | |
| CONOR MCCULLOUGH, | Hearing Date: February 13, 2023 |
| Defendant. | Hearing Time: 10:30 a.m.<br>Location: Courtroom of Hon. James v. Selna |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Benjamin R. Barron, hereby files its Sentencing Position Brief for Defendant Connor McCullough.

///

This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 30, 2023    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    /s/
BENJAMIN R. BARRON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In July 2022, defendant Conor McCullough ("defendant") pled guilty to a single-count information charging him with distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1). Defendant is subject to a 60-month statutory minimum term of imprisonment. The government agrees with the United States Probation and Pretrial Services Office's ("USPO") calculation of a total offense level 34 and criminal history category I, resulting in a Guidelines range of 151-188. In its sentencing letter to the Court (Dkt. 23), the USPO recommends a 78-month term of imprisonment, *i.e.*, a six-level downward variance based on the Section 3553 sentencing factors. As discussed more below, the government agrees with the USPO that this case presents unusual mitigation calling for a below-Guidelines sentence. Although the USPO's analysis of the Section 3553 factors is certainly reasonable, the government joins defendant in recommending a slightly greater downward variance and imposition of a 60-month term of imprisonment.

**II.   STATEMENT OF FACTS[1]**

Agents from the Department of Homeland Security, Homeland Security Investigations initiated the investigation in this matter after receiving two CyberTipline reports that a user ultimately identified as defendant was sharing child pornography to others via the KIK online chat platform in November 2020 and January 2021. Based on the follow-up investigation, in July 2021, agents served a

---

[1] This statement of facts is adapted from the Presentence Investigation Report ("PSR") at paragraphs 11-17 and the factual basis of defendant's written plea agreement (Dkt. 24, 6), and by proffer of undisputed mitigating facts.

search warrant for defendant's person and his mother's home, where defendant resided, during which investigators seized a computer tower, an iPhone 7, and an iPhone 12.  Defendant directed investigators to an additional laptop computer that was in his car (determined at the scene not to contain child pornography) and gave a *Miranda*-waived recorded confession.  Agents later also obtained a search warrant for defendant's Apple iCloud account.

During the July 2021 search, defendant informed investigators that he became interested in trading child pornography for a few months in late 2020, but that he then stopped and did not resume thereafter.  From agents' review of defendant's devices and iCloud data, the government believes this to be true.  From the search of the iPhone 7, agents found child pornography and related KIK messages exchanged in November 2020 and January 2021, but no chat exchanges thereafter.  The government found no such materials or evidence on the other devices in his residence – including the iPhone 12, which was the phone that defendant used at the time of the search warrant – or in defendant's backup data stored in his iCloud account.

### III. SENTENCING GUIDELINES CALCULATION

The government agrees with the USPO's Sentencing Guidelines offense level calculation at paragraphs 27 through 40 of the PSR, which tracks the parties' stipulations in the plea agreement, as follows:

| | | |
|---|---|---|
| Base Offense Level | 22 | U.S.S.G. § 2G2.2(a)(2) |
| Prepubescent Minors | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Distribution | +2 | U.S.S.G. § 2G2.2(b)(3)(F) |
| Sadistic/Masochistic Conduct | +4 | U.S.S.G. § 2G2.2(b)(4)(A) |

|   |   |   |
|---|---|---|
| Use of a Computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| $\geq$ 600 Images | +5 | U.S.S.G. § 2G2.2(b)(7)(B) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level | 34 | |

The government also agrees with the USPO that defendant is in Criminal History Category I; he has no prior convictions or arrests. (PSR ¶¶ 43-49.)  Accordingly, the Sentencing Guidelines range for defendant is 151-188.

**IV.  RECOMMENDED SENTENCE**

Based on the sentencing factors under 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history of the defendant, and the need for deterrence, the government recommends a 60-month prison term, *i.e.*, a variance of slightly more than eight levels.  In aggravation, distribution of child pornography is a serious offense that calls for a substantial prison term, and here agents found evidence that defendant had collected several hundred files of child pornography.

Yet, as noted, this case also presents unusual mitigating facts. Regarding the offense conduct, defendant traded child pornography for a short period and voluntarily stopped six months prior to his awareness of the investigation in this case, both of which distinguish this matter from typical child pornography cases. Defendant was young at the time of the offense, having just turned 20 years old, and he has no prior criminal history.  Defendant has a documented history of growing up in a traumatic environment from his early childhood, as detailed in defendant's sentencing brief (Dkt. 30) and in paragraphs 54 through 57 of the PSR, including his father's arrest by Irvine police officers in 2008 for domestic

violence leading to issuance of an emergency protective order. Defendant's history of mental health treatment and post-offense rehabilitation is also documented in defendant's sentencing brief, the separately filed psychiatric report, and in paragraphs 68 through 74 of the PSR.  Finally, defendant has demonstrated notable acceptance of responsibility: he confessed at the first opportunity; his current retained counsel contacted the government the next day to discuss resolving the case; and defendant signed a pre-indictment plea agreement at the earliest opportunity after the government completed digital forensic review.

The government agrees with the terms of supervised release listed in the USPO's recommendation letter to the Court.  Defendant and the USPO disagree as to the proposed length of supervised release: the USPO recommends a lifetime period, while defendant seeks the minimum of five years.  Given the nature of the offense conduct, the government proposes the middle ground, namely, a 20-year term.

Based on paragraphs 91, 92, and 100 of the PSR, the government agrees with the USPO that defendant has the financial ability to pay a fine of $17,300 by December 31, 2025.  Such a fine is below the range for defendant under U.S.S.G. § 5E1.2(c), even taking into account the parties' recommended variance.

At this time, the government has not received any victim restitution requests for this case and is not aware of the identities of the minors depicted in the child pornography seized from defendant's iPhone or in the reported KIK chats.  As a result, the government is not recommending any specific restitution amount.

///

## V.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 60 months' prison, 20 years' supervised release under the terms recommended by the USPO, a $100 special assessment, and a $17,300 fine.